IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KEVIN WAYNE McDANIELS,<br><br>        Plaintiff,<br>v.<br><br>FNU GOFF, OGDEN CITY POLICE DEPARTMENT, TIM SCOTT, MAYOR OF OGDEN, UTAH (MIKE CALDWELL), OGDEN COUNTY PROSECUTOR'S OFFICE, FEDERAL BUREAU OF INVESTIGATION, WILLIAM KENDALL.<br><br>        Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:14-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

   This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 38.) Several motions are currently pending before the Court. Plaintiff Kevin Wayne McDaniels filed two motions for teleconference. (Dkt. 32, 46.) Additionally, Defendants [FNU] Goff, Tim Scott, and Mike Caldwell ("Ogden Defendants") filed a motion to strike Plaintiff's "opposition" to summary judgment or motion to dismiss. (Dkt. 39.) Finally, Defendant Federal Bureau of Investigation ("FBI") and William Kendall (collectively "Federal Defendants") have moved for an extension of time to answer the Ogden Defendants' cross-claims. (Dkt. 42.)

I.     ANALYSIS

   a.  **Motions for teleconference**

   Plaintiff apparently requests permission to attend future hearings in this case telephonically. (Dkt. 32, 46.) The Court will accommodate this request. Plaintiff is hereby excused from personally appearing at hearings, unless the Court subsequently orders otherwise.

Additionally, Plaintiff's motions could be interpreted as requesting oral argument or other hearing on some of the pending motions. To the extent Plaintiff requests a hearing, the Court denies the request. No hearing is necessary at this time. The Court is able to decide the pending motions without oral argument.

**b. Motion to strike Plaintiff's "Opposition"**

The Ogden Defendants argue that Plaintiff's pleading entitled "Motion in Opposition to Defendants [sic] Motion to Dismiss [or] in the Alternative Summary Judgment" ("Opposition") should be denied or stricken. (Dkt. 39.) The Ogden Defendants point out that there is no pending motion to dismiss or for summary judgment. Thus, it is unclear what Plaintiff opposes with this filing. Further, Ogden Defendants argue that to the extent the motion seeks summary disposition on its own, it fails to comply with the Rules of Civil Procedure and Ogden Defendants are unable to identify the precise relief Plaintiff seeks and the basis for any relief. (*Id.*) Plaintiff makes no argument to the contrary. Instead, he simply refiled the Opposition at issue as an opposition to the Ogden Defendants' motion to strike. (Dkt. 44.)

The Court cannot discern anything from the Opposition that provides a basis to deny the Ogden Defendants' motion to strike. Accordingly, the Court agrees with the Ogden Defendants that the "Opposition" should be stricken for failure to comply with Rule 7. In all future filings, Plaintiff is admonished to clearly set forth the relief he seeks and the basis on which he claims he is entitled to such relief. While Plaintiff does include monetary and other demands in this motion, it is not clear whether he is attempting to obtain summary judgment, or simply repeating demands from his Complaint. If Plaintiff seeks summary judgment, he must bring a proper motion following the requirements of the Rules of Civil Procedure and this District's Local Rules. While the Court will liberally construe Plaintiff's submissions, his filings must at least

demonstrate an attempt to comply with the rules, and provide notice of his objectives to the Defendants, and to the Court.

### c. Motion for extension of time to answer cross-claims

Federal Defendants filed a motion seeking an extension of time to answer the cross-claims brought by the Ogden Defendants. (Dkt. 42.) While Ogden Defendants did not oppose the motion, Plaintiff filed a response asking the Court to "deny defendants [sic] continuance . . . ." (Dkt. 43.) The majority of Plaintiff's response has been converted to a motion for default.[1] The motion for default will be addressed in a separate report and recommendation.

Here, Federal Defendants have demonstrated good cause to extend the deadline to respond to Ogden Defendants' cross-claims. *See* Fed. R. Civ. P. 6(b). The Ogden Defendants' cross-claims are interrelated – if not coterminous – with the allegations in Plaintiff's complaint. Thus, judicial economy is best served by requiring Federal Defendants to respond to both pleadings simultaneously. Accordingly, Federal Defendants may answer, or otherwise respond, to the cross-claims brought by Ogden Defendants up to and including sixty days after the United States Attorney for the District of Utah is served with Plaintiff's Complaint and a summons.

## II. ORDER

Based on the analysis above, the Court hereby:

**GRANTS IN PART** Plaintiff's "Motion for Teleconference" insofar as it seeks permission for Plaintiff to attend future hearings via telephone. (Dkt. 32.)

**FINDS AS MOOT** Plaintiff's second motion for teleconference. (Dkt. 46.)

**GRANTS** the Ogden Defendants' motion to strike Plaintiff's "Opposition" to summary judgment. (Dkt. 39.)

---

[1] (Dkt. 50.)

**GRANTS** the Federal Defendants' motion for extension of time to answer. (Dkt. 42.)

Dated this 24th day of August, 2015.　　　　By the Court:

_____
Dustin B. Pead
United States Magistrate Judge