IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KEVIN WAYNE McDANIELS,<br><br>　　　Plaintiff,<br>v.<br><br>FNU GOFF, OGDEN CITY POLICE DEPARTMENT, TIM SCOTT, MAYOR OF OGDEN, UTAH (MIKE CALDWELL), OGDEN COUNTY PROSECUTOR'S OFFICE, FEDERAL BUREAU OF INVESTIGATION, WILLIAM KENDALL.<br><br>　　　Defendants. | MEMORANDUM DECISION<br><br>Case No. 1:14-cv-00124-DN-DBP<br><br>District Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

　　　This matter was referred to the Court pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 38.) Several motions are currently pending before the Court. Plaintiff Kevin Wayne McDaniels ("Plaintiff") filed a motion requesting service of process (ECF No. 55), two motions to compel (ECF Nos. 56, 71), two motions for teleconference (ECF Nos. 57, 70), a motion for reimbursement of fees (ECF No. 69), a motion to compel Defendants to contact a certain prosecutor (ECF No. 72), and a "Notice" likewise seeking to compel Defendants to contact a prosecutor, and initiate criminal charges against Defendants and their attorneys. (ECF No. 74.) Ogden Defendants filed two motions to strike certain of Plaintiff's filings. (ECF Nos. 64, 76.)

I. **ANALYSIS**

　　a. **Motion for service of process on Federal Defendants**

　　　Plaintiff requests renewed service upon William Kendall and the Federal Bureau of Investigation ("Federal Defendants"). It appears that when the District Court initially ordered service, the United States Attorney's Office for the District of Utah was not served as required by

Federal Rule of Civil Procedure 4(i). (*See* ECF Nos. 21, 22.) Plaintiff's motion will be granted. The United States Marshals Service is directed to serve a properly issued summons and a copy of Plaintiff's Complaint, along with this Order, upon the United States Attorney's Office for the District of Utah. Federal Defendants will then have 60 days from the date of service to file an answer or otherwise defend against this action. (*See* ECF No. 22.)

b. **Motions for production of information**

Plaintiff moves the court to compel production of certain information. (ECF Nos. 56, 71.) Plaintiff also requests an order requiring Defendants to contact a third party and request a reduction of Plaintiff's sentence of incarceration. (ECF No. 56.) As the Ogden Defendants point out, the request to compel is premature because Plaintiff has not served any discovery requests. (*See* ECF Nos. 59, 73.) Further, Plaintiff offers no authority to support his request for an order instructing Defendants to contact third parties on Plaintiff's behalf. This is further discussed below. *See* Part I.e *infra*. Accordingly, Plaintiff's motions will be denied.

   1. *Ogden Defendants' motion to strike*

Ogden Defendants filed a motion to strike, but the target of that motion is unclear. The motion refers to Plaintiff's motion filed "September 15[, 2015]." (ECF No. 64.) The docket does not show that Plaintiff filed any motion on this date. Further, Ogden Defendants' motion does not set forth a basis for striking any motion.[1] Defendants cite Rule 34, but that Rule does not contemplate motions to strike. Accordingly, the motion to strike will be denied.

c. **Motions for teleconference**

Plaintiff submits two requests for teleconference. (ECF Nos. 57, 70.) The court earlier decided a nearly identical motion. (*See* ECF No. 53 (deciding ECF No. 32).) Nothing in

---

[1] Given the disposition of Plaintiff's motions to compel, the court does not reach Ogden Defendants' alternative request for relief.

Plaintiff's present motions merits a different outcome. As previously stated, the court will allow Plaintiff to participate in any future hearings by telephone if a hearing becomes necessary. Based on the court's prior order, Plaintiff's motions are moot.

### d. Motion for reimbursement of fees

Plaintiff states that he has been assessed inappropriate filing fees. (ECF No. 69.) The court disagrees. The Prisoner Litigation Reform Act ("PLRA") states, "the court shall assess . . . an initial partial filing fee of 20 percent of . . . the average monthly deposits to the prisoner's account." 28 U.S.C.A. § 1915(b)(1)(A). "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Id.* § 1915(b)(2). Here, Plaintiff alleges that he was paid $2.04 for a month of work and was assessed $0.40 for filing fees. (ECF No. 69.) This is in accord with the statute. Plaintiff signed a consent form to allow these withdrawals. (*See* ECF No. 5.) The District Court previously denied several of Plaintiff's requests for reimbursement of fees. (*See* ECF Nos. 11, 15, 16, 27, 28.) Thus, the motion will be denied.

### e. Motions regarding sentence reduction

#### 1. Motion to Contact South Carolina

Plaintiff asks that Defendants be ordered to contact a prosecutor in South Carolina to obtain a sentence reduction for Plaintiff. (ECF No. 72.) Plaintiff cites no authority to support this request. As Defendants point out, the court lacks jurisdiction to order the government to file a Rule 35(b) motion or to impose a sentence reduction under that rule in the absence of such a motion. (ECF No. 77 (citing *United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992).) Moreover, Plaintiff appears to be seeking injunctive relief against nonparties to the litigation. Nothing in the record suggests he might be entitled to such an extreme form of relief. Further, the court is

concerned that Plaintiff's request relates to the subject of Plaintiff's criminal case pending before the Fourth Circuit. *United States v. Kevin McDaniels*, No. 15-7924 (4th Cir. filed Dec. 23, 2015). This court cannot and will not interfere with Plaintiff's criminal case in the Fourth Circuit or force the government to file a Rule 35(b) motion. Accordingly, this motion will be denied.

    2. *Notice regarding downward departure and obstruction of justice*

Plaintiff also filed a "Notice" that appears to be intended as a motion for Defendants' counsel to contact the same prosecutor in South Carolina. (ECF No. 74.) This "Notice" also requests the court place criminal charges against Defendants and their counsel. Plaintiff's second filing suffers from the same defects discussed previously. *See* Part I. e.1 *supra*. Both Defendants filed oppositions detailing the inadequacies of this brief. (ECF Nos. 75, 77.) As Defendants point out, this "Notice" is further deficient because the court is not the appropriate entity to petition for initiation of criminal charges. Such discretion lies with the executive branch of government. *See, e.g.*, *United States v. Batie*, 433 F.3d 1287, 1293 (10th Cir. 2006). Thus, Plaintiff's Notice, to the extent it constitutes a motion, will be denied.

    A. <u>Motion to strike</u>

Ogden Defendants filed a motion to strike Plaintiff's "Notice." (ECF No. 76.) Ogden Defendants rely on Rule 12(f) to strike the notice. By its explicit language, Rule 12(f) applies to pleadings. Ogden Defendants have offered no authority to suggest that the rule may be extended to notices or motions. The court is aware of persuasive authority stating that Rule 12(f) may not be used to strike documents other than the pleadings identified in Rule 7. *See Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09 -0710, 2010 WL 4386710, at *1 (S.D. Ill. Oct. 29, 2010) ("[M]otions to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the pleadings.") Further, even Rule 12(f) motions directed at pleadings are

disfavored. *Waterton Polymer Products USA, LLC v. EdiZONE, LLC*, No. 12-17, 2012 WL 4024626, at *1 (D. Utah Sept. 12, 2012) ("Motions to Strike under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted."). Based on the foregoing, the court will deny the motion to strike.

## II.    ORDER

Based on the analysis above, the Court hereby:

**GRANTS** Plaintiff's "Motion Ordering US Marshals to Serve Federal Defendants." (ECF No. 55.) The United States Marshals Service shall serve a completed summons, a copy of the Complaint, and a copy of this Order upon the upon the United States Attorney's Office for the District of Utah.

**DENIES** Plaintiff's "Motion for an Order Directing the Defendants to Produce the Information Plaintiff Provided about the Jeffrey Bancroft Murder." (ECF No. 56.)

**FINDS MOOT** Plaintiff's "Motion for Teleconference at all Motion Hearings." (ECF No. 57.)

**DENIES** Ogden Defendants' "Motion to Strike Plaintiff's 'Motion to Produce Discovery' and/or for a Protective Order." (ECF No. 64.)

**DENIES** Plaintiff's "Motion for Reimbursement of Excessive Fees Taken and Reimbursement of Filing Fees for Assisting in Solving the Murder of Jeffrey Bancroft." (ECF No. 69.)

**FINDS MOOT** Plaintiff's "Motion for Teleconference." (ECF No. 70.)

**DENIES** Plaintiff's "Motion Requesting Defendants to Produce all Letters/Motions that Plaintiff has sent Defendants so that the Judge can Personally Review the Facts that McDaniels has Provided to Solve the Jeffrey Bancroft Murder Case." (ECF No. 71.)

**DENIES** Plaintiff's "Motion Requesting an Order by the Court for the Defendants to Contact Plaintiff[']s U.S. Att[orne]y Lance Crick, Greenville, S.C. to Make Sure Plaintiff Receives a Downward Departure for his Assistance." (ECF No. 72.)

**DENIES** Plaintiff's "Notice of Defendants and Their Attorneys Stephen F. Noel/Anna M. Pugsley Committing Civil Conspiracy and Obstructing Justice by Fraudulently Concealing the Fact that Plaintiff has Provided Facts that Have Solved the Oct[ober] 24, 2008 Jeffrey Bancroft Murder and Defendants Have Failed to Keep Their Promises of Making Sure McDaniels Receives a Downward Departure as Promised." (ECF No. 74.)

**DENIES** Ogden Defendants' "Motion to Strike Plaintiff's Notice of Defendants and Their Attorneys Stephen F. Noel/Anna M. Pugsley Committing Civil Conspiracy and Obstructing Justice by Fraudulently Concealing the Fact that Plaintiff has Provided Facts that Have Solved the Oct[ober] 24, 2008 Jeffrey Bancroft Murder and Defendants Have Failed to Keep Their Promises of Making Sure McDaniels Receives a Downward Departure as Promised." (ECF No. 76.)

Dated this 23rd day of March 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge